Mr. Justice Colcock
delivered the opinion of the court ;
There is nothing in the nature of the contract entered into by bail, which implies that the plaintiff intends to release any remedy which he may have for the recovery of his debt. Such a position operates not only to the injury of the plaintiff, but to that of the bail also. Bail is only an additional security to the plaintiff for the recovery of his debt; and the responsibility of the bail is only conditional. They pay the debt, if the debtor does not pay it; or surrender him, if he does not surrender himself. What objection then can there be to the plaintiff’s proceeding in the first instance against the property of the defendant ?— If the bail are made to pay the debt of the principal, they may resort to the property of their principal; and is it not to their advantage, that this should be done in the first instance ? It cannot be denied, that bail, like other sureties will be relieved, when the nature of the contract is changed, or where time is given to their prejudice ; but neither has been done in this case. The contract is not altered, but is in fact pursued, for the bail are to pay on the failure of the principal to do so. This certainly implies that the plaintiff may endeavour to make him do so before he applies to the securities ; and as to time, there can not be, and therefore there is not any day fixed, when the bail are to be called on. It cannot be known when judgment will be obtained, and when obtained, whether there may not be an appeal. So that the contract, as to time, is, that when they are called by a ca. set. being issued against their principal, the debt must be paid, or his body delivered. But there is a circumstance with regard to bail, which differs their situation from ordinary sureties. It is their right to surrender their principal, and this jnust not be lost sight of when they apply for relief. If they are pot prejudiced in this particular, they ought not to be re» Jieved ; for the law is made for the vigilant, &q.
Simons, for the motion.
King, contra.
Knowing tbeir responsibility and their privilege, they should avail themselves of the latter to avoid the former. In the case of Olcott vs. Lilly, chief Justice Kent, in delivering the opinion on this ground, which was taken in the case, says — “but it cannot be doubted that the plaintiff may resort to the fi. fa. and ca. sa. in succession; and that after levying a part by fi. fa. he may sue out a ca. sa. or bring an action of debt for the residue ; and he refers to 4 Bos. & Pul. 134. This is for the advantage of the bail. It lessens the demand for which they may be responsible, and it does not deprive them in the mean time of the right of surrender. There is no reason for saying that the bail are discharged, if the plaintiff elects to sue out a fi. fa. in the first instance ; no such plea is to be found, and it is repugnant to the condition of their recognizance. In Heath vs.-, of Hall, (1 Freeman’s Rep. 344, p. 425,) it was admitted, that though a part of the debt be levied on the principal, yet the bail are liable for the remainder. But if the common law on this subject did admit of doubt, the act of 1785, regulating the proceeding against bail to the sheriff, authorizes the'issuing either of a fi. fa. or ca. sa. and introduced a practice of issuing a fi. fa. in most cases against the principal, even in cases of bail to the action, before they proceeded by ca. sa. to fix the bail. Indeed, so general has been the practice, that the court has been called upon to decide whether according to the provisions of our acts, it is not indispensably necessary to issue a fi. fa. in the first instance.
The motion is dismissed.
Justices Bay, Richardson, Huger, Nott and Johnson„ concurred.
Clarke, for the motion,
Bgksion, contra.